The Johnson Law Group, LLC
William C. Johnson, Jr., Esq.
Fed. Bar. No. 470314
6305 Ivy Lane, Suite 630
Greenbelt, Maryland 20770
(202) 525-2958
Fax (301) 288-7473
William@JohnsonLG.Law

# IN THE UNITED STATE BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
|    Timothy Watkins ) | |
|    Angela Watkins ) | Case No. : 23-00155 ELG |
|    Debtor, ) | Chapter 13 |
| ) | |
| ) | |
| _____ ) | |
| ) | |
| US Bank Trust National Association, ) | |
| Owner Trustee for RMAC Trust, ) | |
| Series 2016-CTT, by ) | |
| Nationstar Mortgage LLC, Servicing Agent ) | |
|    Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| Timothy Watkins ) | |
| Angela Watkins ) | |
|    Respondents. ) | |
| ) | |
| _____ ) | |

**MOTION SEEKING RELIEF FROM AUTOMATIC STAY AS TO PROPERTY KNOWN AS 5229 KANSAS AVE. NW, WASHINGTON, DC 20011**

     **COMES NOW**, the debtor Timothy Watkins and Debtor Angela Watkins, by and through undersigned counsel, hereby files his Opposition to Motion Seeking Relief from Automatic Stay as to Property known as 5229 Kansas Ave. NW, Washington, D.C. 20011. In support of his opposition the debtor states as follows:

**GENERAL OBJECTIONS**

Respondent generally objects to movant's paragraphs to the extent they do not comport with the stated position of the Respondent. Unless expressly affirmed by the Respondent, the paragraphs are deemed "opposed" and "rejected."

1. The debtor does not deny the movant's paragraph 1.
2. The debtor does not deny the movant's paragraph 2.
3. The debtor denies the movant's paragraph 3.
4. The debtor denies the movant's paragraph 4.
5. The debtor denies the movant's paragraph 5.
6. The debtor denies the movant's paragraph 6.

## Relief Sought

7. The Debtor requests this honorable Court deny the movant the requested relief.

## Argument

8. Pursuant to 11 U.S.C § 362(a), the movant is precluded from seeking relief from the automatic stay when the debtor is current on all post-petition obligations.
9. Pursuant to 11 U.S.C. § 362(d)(1), the movant is precluded from seeking relief from the automatic stay when adequate protection is available. In the instant matter the debtor makes monthly payments and the post-petition debt is current.
10. Pursuant to 11 U.S.C. § 362(d)(2)(B). the property is necessary for an effective reorganization by the debtor.
11. Thus, a Motion for relief from the automatic stay imposed by 11 U.S.C. § 362(a) is not properly before this Court.
12. To extent that debtor's good faith in filing for bankruptcy relief will preclude a lifting of stay to prevent abuse of bankruptcy system, "good faith" must be understood as having objective component, such that both objective evidence of fundamentally unfair result and subjective evidence that debtor filed petition for a fundamentally unfair purpose are relevant to "good faith" inquiry; focus of inquiry is fundamental fairness. Bankr.Code, 11 U.S.C.A. §§ 362(d)(1) and 362(d)(4).

   **A. Cause to Grant Relief from the Stay Under Section 362(d)(1) does not Exist.**
13. The concept of "adequate protection" is found in Section 361 of the Code, which provides:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—(1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property; (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.
>
> *In re Cafe Partners/Washington 1983, A New York Ltd. P'ship*, 81 B.R. 175, 179 (Bankr. D.D.C. 1988).

14. The value of the property in the instant matter exceeds the outstanding principal owed to the movant.[1] Therefore, adequate protection exists.

15. The debtor proposes to pay the movant pursuant to a short sale at the close of the Bankruptcy case in the event the value of the property is determined to be less than anticipated.

**B.  The Movant is not Entitled to Relief from Stay Under Section 362(d)(4)**

16. The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 added subsection (d)(4) to § 362. The general purpose of this subsection, according to the legislative history, is to curb abusive bankruptcy filings. *See* H.R. Rep. No. 109–31(1) at 70 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 88, 138–39.

17. Pursuant to 11 U.S.C. § 362(d) provides, in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section ...
>
> ...
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court

---

[1] The equity determination depends on the outstanding balance owed as determined by the Court.

finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either—

(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

(B) multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4).

18. To prevail on a motion under § 362(d)(4)(A), the Movant must prove the following elements:

    (1) it holds a security interest in the real property at issue;

    (2) the filing of the petition was part of a scheme;

    (3) one purpose of the scheme was to delay creditors;

    (4) a second purpose of the scheme was to hinder creditors;

    (5) a third purpose of the scheme was to defraud creditors;

19. The movant's security interest is adequately shown through copies of its promissory note and security interest attached to the moving papers. The remainder of the movant's burden is severely lacking. The movant failed to address remaining elements.

**WHEREFORE**, the debtor Douglas Coleman respectfully requests this Court to enter an Order:

(A) Denying the movant's Motion for Relief of Stay pursuant to 11 U.S.C. 362(a); and
(B) For any other relief deemed necessary and proper.

April 24, 2024                                                 ***/s/ William C. Johnson, Jr.***
                                                                                The Johnson Law Group, LLC
William C. Johnson, Jr., Esq.
Fed. Bar. No. 470314
6305 Ivy Lane, Suite 630
Greenbelt, Maryland 20770
(202) 525-2958
Fax (301) 288-7473
William@JohnsonLG.Law

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this day of April 24, 2024, a copy of the foregoing was sent via first class mail, postage pre-paid to the following:

Chapter 13 Trustee
Rebecca Herr
185 Admiral Cochrane Dr.
Suite 240
Annapolis, MD 21401

U.S. Trustee's Office
1725 Duke St.
Suite 650
Alexandria, VA 22314

Richard J. Rogers, Esquire
Cohn, Goldberg & Deutsch, LLC
1099 Winterson Road, Suite 301
Linthicum Heights, MD 21090

The Notice of Electronic filing indicates that Notice was electronically mailed to all parties.

April 24, 2024                                            */s/ William C. Johnson, Jr.*
                                                         William C. Johnson, Jr., Esq.